Case: 1:12-cv-09686 Document #: 47 Filed: 05/15/13 Page 1 of 18 PageID #:293
Case: 1:12-cv-09686 Document #: 44-1 Filed: 05/13/13 Page 1 of 18 PageID #:272

FILED
5/15/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SARKIS' CAFE, INC., an Illinois corporation, | ) |
| Plaintiff, | ) |
| vs. | ) No.: 12-cv-9686 |
| SARKS IN THE PARK, LLC, an Illinois limited liability company, | ) **JURY DEMAND** |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, CONSUMER FRAUD, DECEPTIVE TRADE PRACTICES, AND INJUNCTIVE RELIEF

Plaintiff, Sarkis' Cafe, Inc., by and through its attorneys, Jeffrey Rosenberg and Michael Victor, and for its Second Amended Complaint against Defendant, Sarks in the Park, LLC, states as follows:

### THE PARTIES

1. Plaintiff, Sarkis' Cafe, Inc., is an Illinois corporation.

2. Defendant, Sarks in the Park, LLC, is an Illinois limited liability company with its principal office located at 444 West Fullerton, Chicago, Illinois.

### JURISDICTION AND VENUE

3. The Court's jurisdiction over this controversy arises from: (a) this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, and this Court has original jurisdiction over all actions arising thereunder, 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338; and (b) certain claims are joined with the substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, and are conferred original and supplemental jurisdiction pursuant to 28 U.S.C. §§1338(b) and 1367.

4. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) because the defendant resides in this State and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRODUCTION

5. In or about 1965, Sarkis Cafe ("Sarkis") opened in Evanston, Illinois near New Trier High School. Sarkis serves breakfast and lunch, offering unique food items such as the Loretta, Disaster and Animal. (A copy of Sarkis' menu is attached here as Exhibit A). Sarkis quickly became a popular and well-known spot with college and high school students and it flourished over the next thirty-five years.

6. In or about November 2000, the original owner of the restaurant decided to retire and Sarkis was sold to Jeff Cramin ("Jeff"), a long-time patron and lover of the restaurant. Jeff incorporated Sarkis as an Illinois corporation on February 26, 2001. (A copy of the Illinois Corporation File Report is attached hereto as Exhibit B). The restaurant's success continued under Jeff until May 9, 2002 when Jeff died suddenly in an accident. Jeff's wife, Marla Cramin ("Marla"), continued as the owner of Sarkis.

7. On March 25, 2010, Marla, through counsel, applied to the United States Patent and Trademark Office (or "USPTO") to register the word mark "Sarkis". On November 9, 2010, the USPTO registered the work mark "Sarkis", consisting of standard characters without claim to any particular font, style, size or color for café and restaurant services, USPTO Reg. No. 3872829, Serial No. 77968293. (A true and correct copy of Sarkis' trademark registration is attached and incorporated here as Exhibit C).

8. Sarkis has generated substantial profits and good will under the trade name and

2

mark Sarkis in the state of Illinois. By virtue of Sarkis' continued use of the trade name Sarkis, Sarkis became and is distinctive and well-recognized, possesses a strong secondary meaning and has extremely valuable good will attached to its mark.

### SARKS IN THE PARK

9. On May 5, 2009, Sarks in the Park, LLC formed as an Illinois Limited Liability Company. (A copy of the Illinois Corporation File Report is attached hereto as Exhibit D). Sarks in the Park, LLC had and has no affiliation with Sarkis or Sarkis Cafe, Inc.

10. In or about July 2009, Sarks in the Park, LLC began operating a restaurant called Sarks in the Park, located at 444 W. Fullerton Parkway, Chicago, Illinois.

11. Sarks in the Park offered, and still offers, the identical unique items offered by Sarkis, including the Loretta, Disaster and Animal. Sarks in the Park describes these items on its menu as "Original Sarks Sandwiches." (A copy of Sarks in the Park menu is attached hereto as Exhibit E). Defendant made and makes these representations with full knowledge of Plaintiff's use and trademark of the word "Sarkis" and Plaintiff's longtime use of the aforementioned sandwich names.

12. Defendant opened a website under the domain name www.sarksinthepark.com. The header of the front page of the website states "Sarks in the Park" over an image of a frying pan containing eggs – nearly the identical logo used by Sarkis. Next to the image is the phrase "Home of the Loretta." (A copy of the front page of the Sarks in the Park website is attached hereto as Exhibit F)(A copy of Sarkis' logo is attached hereto as Exhibit G).

13. The Sarks in the Park website, in the "about us" section and under the heading "Who we are …", states:

3

> Sarkis Cafe in Evanston has long been known as a local hangout for teens looking to indulge in a plate of cheesie hash and loaded bacon sandwiches. And so, we thought what better than a Sarks in Lincoln Park to give all you Loretta lovers a home right here, in the city.

(*See*, Exhibit H).

14. Defendant also opened a Facebook page wherein it states, "Early this summer Sarkis Cafe will open a second location called Sarks in the Park in the heart of Lincoln Park. Look for all of your favorites as we are bringing the same great omelets, hash browns, sausage and veggies that you grew up with." (A copy of the Facebook page is attached hereto as Exhibit I).

15. Defendant's use of the "Sarks" and "Sarkis" name is without the consent or authorization of Plaintiff.

16. As a result of Defendant's misrepresentations and use of Sarkis' logo, name and menu, consumers and media outlets have concluded that the two restaurants are one and the same. Metromix, a Chicago website run by the Chicago Tribune, stated of Sarks in the Park as follows:

> This city outpost of popular and long-running Evanston diner **Sarkis Cafe** serves up omelets, sandwiches, burgers and short-order sides such as hash browns. Since the 1950s, the breakfast-focused original has been known for the Sarkis Special, an omelet stuffed with ham, cheese, tomatoes, onions, mushrooms and green peppers. But even with the overwhelming emphasis on that all-important first meal of the day, the restaurant doesn't overlook lunch. You'll find quite a selection of specialty sandwiches too, including numerous takes on the popular Loretta French bread sandwich and the Disaster, a homemade sausage sammie smothered with cheese.

(A copy of the Metromix website page is attached hereto as Exhibit J).

17. Defendant also apparently made direct misrepresentations to media outlets. The

4

WGN9 News Blog posted the following story:

> It's a North Shore greasy spoon legendary for its cheap eats, scrambled eggs, and disasters. Josh Alomia was always a big fan - he went to New Trier High School, and recalls the days of heading to Sarkis before the first bell. He approached them with a grand vision, to provide the greasy goodness of Sark's all over Chicagoland and beyond. They accepted...and Chicagoans have been lining up at the corner of Clark and Fullerton ever since.
>
> One thing I had to try at Sarks - the Bacon Loretta. It's a hogie sized sandwich, with bacon, cheese, green pepper, tomato, onion, and mayo - all smothered between two toasted pieces of French bread. I ordered mine with a side of "loaded hash browns," which also come with cheese and veggies. Both are extremely tasty - and $5.50 for the sandwich is a total steal. You won't stay skinny eating at Sarks everyday. I'm pretty sure I wouldn't have made it back to the station had I finished it all. Here's the location...
>
> **Sarks in the Park**
> **444 W. Fullerton Pkwy**
> **Chicago, IL**
> **Corner of Clark and Fullerton, just under Emilios Tapas**
> **773.520.4777**
> **Hours: Monday-Thursday 6am-9pm; Friday-Saturday 6am-3am; Sunday 6am-3pm**
> **www.sarksinthepark.com**
>
> As for the original Sarkis Cafe, you can find it at....
>
> **Sarkis Cafe**
> **2632 Gross Point Rd.**
> **Evanston, IL**
> **847-328-9703**

(A copy of the WGN9 News Blog page is attached hereto as Exhibit K).

18.     Sarks in the Park is also serving an inferior product.  On Yelp.com Sarks in the Park received 3 out of 5 stars (compared to 4 out of 5 for Sarkis) and garnered comments such as: "as far as flavor goes there's not much to write home about", "the bacon … was so gross", "I'm wondering if they wash their pans in between uses…"  Reviewers also clearly confuse the

two restaurants, stating, "Are these guys affiliated with the original Sarkis?", "Sarks in the park, like its predecessor (sarkis)", and "I love the original Sarks and want to love this one, but it just doesn't do it for me anymore." (A copy of the yelp.com page is attached hereto as Exhibit L).

19. On grubhub.com, the following reviews were posted: "nowhere near as good as the original Sarkis in Evanston. I was really disappointed with my veggie Loretta", "it's not quite 'real Sarks'", "the food defines mediocre." (A copy of the grubhub.com page is attached hereto as Exhibit M).

20. On July 18, 2009, counsel for Plaintiff sent correspondence to counsel for Defendant, informing Defendant that its use of the Sarkis name, mark, menu and logo would infringe upon Plaintiff's rights. (A true and correct copy of the July 18, 2009 letter is attached as Exhibit N).

21. Defendant nonetheless proceeded to open and operate its competing restaurant under the patently infringing Sarks in the Park mark in conscious and deliberate disregard of federal law, Illinois common law and the federally registered trademark rights of Plaintiff.

22. The strong similarity between Defendant's Sarks in the Park mark and Plaintiff's registered Sarkis mark, products, and business model, Defendant's express claims of affiliation and their geographical proximity have resulted in a very high likelihood of confusion among the public as to the source of the parties' respective restaurant services. In addition to the multiple online comments, many of Plaintiff's existing customers and other individuals expressed actual confusion to Marla as to the ownership of Sarks in the Park, and assumed that "Sarks in the Park" was simply a second Sarkis restaurant.

Case: 1:12-cv-09686 Document #: 47 Filed: 05/13/13 Page 7 of 18 PageID #:299

## COUNT I

### FALSE DESIGNATION OF ORIGIN, IMPROPER USAGE AND FALSE DESCRIPTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)

23.     Plaintiff repeats and realleges Paragraphs 1 - 22 of this Complaint as and for this Paragraph 23.

24.     As a result of the unauthorized, improper and false designation of origin, description of fact, representation of fact and/or use of the Sarks in the Park, Sarkis and related (including Loretta, Disaster and Animal) names in connection with the goods, services and operation of a full-service breakfast and lunch restaurant, Defendant has and is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association of Sarks in the Park with Sarkis or as to the origin, sponsorship or approval of Sarks in the Park and its goods and services by Plaintiff, in violation of the Lanham Act, 15 U.S.C. §1125(a).

25.     Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its goods and services. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant and its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

26.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

27.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

28.     An award of punitive damages is appropriate where the Defendant exhibited a

7

conscious and deliberate disregard of the rights of others.

WHEREFORE, Plaintiff prays for a judgment as follows:

(A) Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

> (i) Using the name or mark Sarkis, Sarks in the Park or any other colorable imitation of such names or marks, or any mark that is confusingly similar to the Plaintiff's Sarkis name or the names of Plaintiff's goods or any names that are confusingly similar to the Plaintiff's goods, in connection with any goods or services; and

> (ii) Doing any other act or thing likely to induce the belief that Defendant's competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored, affiliated or approved by Plaintiff;

(B) Directing Defendant to:

> (i) Account for and pay over to Plaintiff the sum of three times all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

> (ii) Pay to Plaintiff the sum of three times all other damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

> (iii) Pay an award of punitive damages to Plaintiff;

> (iv) Pay Plaintiff's reasonable attorneys' fees and costs in this action;

> (v) File with this Court and serve on Plaintiff's counsel, within thirty days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. §1116; and

(C) Awarding Plaintiff such further relief as this Court deems just and equitable.

# COUNT II

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1114

29. Plaintiff repeats and realleges Paragraphs 1-28 of this Complaint as and for this Paragraph 29.

30. As a result of its unauthorized use of the infringing Sarkis mark in connection with the advertising, promotion and operation of Defendant's competing restaurant Sarks in the Park, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the Lanham Act 15 U.S.C. §§ 1114(1).

31. Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of the Lanham Act, 15 U.S.C. §§ 1114.

32. Defendant's acts were and are undertaken in bad faith and conscious disregard of Plaintiff's protected trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its registered Sarkis trademarks. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

33. Defendant misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered "Sarkis" mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and

goodwill, and will sustain loss of revenues and profits.

34. Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

35. Any person who utilizes in commerce any reproduction or colorable imitation of a registered trademark in connection with the sale, distribution or advertising of any goods or services or in connection with which such use is likely to cause confusion, mistake or to deceive, without consent of the registrant, shall be liable in a civil action by the registrant. 15 U.S.C. § 1114(1). Available remedies include injunctive relief to prevent the violation of any right of the registrant of a mark registered in the USPTO, recovery equivalent to three times Defendant's profits, any damages sustained by the registrant and the costs of the action. See, 15 U.S.C. §§ 1116, 1117.

WHEREFORE, Plaintiff prays for a judgment as follows:

(A) Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

> (i) Using the name or mark Sarkis, Sarks in the Park or any other colorable imitation of such names or marks, or any mark that is confusingly similar to the Plaintiff's Sarkis name or the names of Plaintiff's goods or any names that are confusingly similar to the Plaintiff's goods, in connection with any goods or services; and

> (ii) Doing any other act or thing likely to induce the belief that Defendant's competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored, affiliated or approved by Plaintiff;

(B) Directing Defendant to:

> (i) Account for and pay over to Plaintiff the sum of three times all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

> (ii) Pay to Plaintiff the sum of three times all the damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

> (iii) Pay an award of punitive damages to Plaintiff;

(iv) Pay Plaintiff's reasonable attorneys' fees and costs in this action;

(v) File with this Court and serve on Plaintiffs counsel, within thirty days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. §1116; and

(C) Awarding Plaintiffs such further relief as this Court deems just and equitable.

## COUNT III

## DILUTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(c)

36. Plaintiff repeats and realleges Paragraphs 1-35 of this Complaint as and for this Paragraph 36.

37. The Sarkis name and mark is a distinctive and famous mark.

38. As a result of their unauthorized use of the infringing Sarkis mark in connection with the advertising, promotion and operation of Defendant's competing restaurant Sarks in the Park, Defendant has diluted the Sarkis mark by lessening the capacity of the mark to distinguish the goods and services offered by Plaintiff and by tarnishing the Sarkis mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

WHEREFORE, Plaintiff prays for a judgment as follows:

(A) Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

(i) Using the name or mark Sarkis, Sarks in the Park or any other colorable imitation of such names or marks, or any mark that is confusingly similar to the Plaintiff's Sarkis name or the names of Plaintiff's goods or any names that are confusingly similar to the Plaintiff's goods, in connection with any goods or services; and

(ii) Doing any other act or thing likely to induce the belief that Defendant's competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored, affiliated or approved by Plaintiff;

(B) Directing Defendant to:

11

(i) Account for and pay over to Plaintiff the sum of three times all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

(ii) Pay to Plaintiff the sum of three times all the damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

(iii) Pay an award of punitive damages to Plaintiff;

(iv) Pay Plaintiff's reasonable attorneys' fees and costs in this action;

(v) File with this Court and serve on Plaintiffs counsel, within thirty days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. §1116; and

(C) Awarding Plaintiff such further relief as this Court deems just and equitable.

## COUNT IV

### ILLINOIS COMMON LAW UNFAIR COMPETITION

39.     Plaintiff repeats and realleges Paragraphs 1-38 of this Complaint as and for this Paragraph 39.

40.     As a result of its unauthorized use of the infringing Sarks in the Park mark in connection with the advertising, promotion and operation of Defendant's competing restaurant, Sarks in the Park, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the common law of the state of Illinois.

41.     Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its competing restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of the common law of Illinois.

42.     Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's protected trademark rights, in a deliberate attempt to capitalize on the goodwill and

reputation of Plaintiff, its restaurant Sarkis, and its Sarkis trademark. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

43. Defendant misappropriated valuable property rights of Plaintiff's, are trading on the goodwill symbolized by its registered "Sarkis" mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

44. Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

WHEREFORE, Plaintiff prays for a judgment:

(A) Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

    (i) Using the names or marks Sarks in the Park, Sarkis or any other colorable imitation of such name or mark, or any mark that is confusingly similar to the Plaintiff's registered Sarkis mark in connection with the advertising, promotion or operation of their competing restaurant business; and

    (ii) Doing any other act or thing likely to induce the belief that Defendant's competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored or approved by Plaintiff;

(B) Directing Defendant to:

    (i) Account for and pay over to Plaintiff all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

    (ii) Pay to Plaintiff all the damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

    (iii) Pay an award of punitive damages to Plaintiff;

    (iv) Pay Plaintiff's reasonable attorneys' fees and costs in this action; and

(C) Awarding Plaintiff such further relief as this Court deems just and equitable.

## COUNT V

**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1,** *et seq.*

45.     Plaintiff repeats and realleges Paragraphs 1 - 44 of this Complaint as and for this Paragraph 45.

46.     As a result of its unauthorized use of the infringing Sarks in the Park mark in connection with the advertising, promotion and operation of Defendant's competing restaurant, Sarks in the Park, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (the "Illinois Consumer Fraud Act"). *See*, 815 ILCS 505/2 (prohibiting unfair methods of competition and unfair or deceptive acts or practices, including but not limited to any deception, fraud, false pretense or misrepresentation).

47.     Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its competing restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of Section 2 of the Illinois Consumer Fraud Act.

48.     Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's protected rights and trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its Sarkis trademark. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

Case: 1:12-cv-09686 Document #: 44-1 Filed: 05/15/13 Page 15 of 18 PageID #:286

49. Defendant misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered Sarkis mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

50. Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

51. Pursuant to Section 10a of the Illinois Consumer Fraud Act, the court may, in its discretion, award actual economic damages or any other remedy which it deems proper, including the assessment of punitive damages and award of Plaintiff's reasonable attorney's fees and costs. *See*, 815 ILCS 505/10a.

WHEREFORE, Plaintiff prays for a judgment:

(A) Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, and all others acting in concert or participation with any of them from:

> (i) Using the names or marks Sarks in the Park, Sarkis or any other colorable imitation of such name or mark, or any mark that is confusingly similar to the Plaintiff's registered Sarkis mark in connection with the advertising, promotion or operation of their competing restaurant business; and
>
> (ii) Doing any other act or thing likely to induce the belief that Defendant's competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored or approved by Plaintiff;

(B) Directing Defendant to:

> (i) Account for and pay over to Plaintiff all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;
>
> (ii) Pay to Plaintiff all the damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;
>
> (iii) Pay an award of punitive damages to Plaintiff;
>
> (iv) Pay Plaintiff's reasonable attorneys' fees and costs in this action; and

15

(C) Awarding Plaintiff such further relief as this Court deems just and equitable.

## COUNT VI

**VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/1,** *et seq.*

52. Plaintiffs repeat and reallege Paragraphs 1 - 51 of this Complaint as and for this Paragraph 52.

53. As a result of its unauthorized use of the infringing Sarks in the Park mark in connection with the advertising, promotion and operation of Defendant's competing restaurant, Defendant is likely to cause confusion or mistake or to deceive the public, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.* (or the "Illinois Deceptive Practices Act"). *See*, 815 ILCS 510/2(a) (defining deceptive trade practices to include "passing off goods or services as those of another" and/or causing "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services").

54. Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its competing restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of Section 2 of the Illinois Deceptive Practices Act.

55. Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its registered trademark for Sarkis, and to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its restaurant, Sarks in the Park, and Plaintiff and

its restaurant, Sarkis.

56. Defendant misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered Sarkis mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

57. Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

58. A person likely to be effected by the deceptive trade practices of another may be granted injunctive relief upon terms that the court considers reasonable, without the necessity of proof of monetary damages, loss of profits or the intent to deceive. *See*, 815 ILCS 510/3.

59. Costs or attorneys fees, or both, may be assessed against a defendant of the court finds that he has willfully engaged in a deceptive trade practice. *See, Id.*

60. In order to prevail under the Illinois Deceptive Practices Act, the plaintiff need not prove competition between the parties or any actual confusion or misunderstanding. *See*, 815 ILCS 510/2(b).

WHEREFORE, Plaintiff prays for a judgment:

(A) Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

> (i) Using the names or marks Sarks in the Park, Sarkis or any other colorable imitation of such name or mark, or any mark that is confusingly similar to the Plaintiff's registered Sarkis mark in connection with the advertising, promotion or operation of their competing restaurant business; and

> (ii) Doing any other act or thing likely to induce the belief that Defendant's competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored or approved by Plaintiff;

(B) Directing Defendant to:

17

(i) Account for and pay over to Plaintiff all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

(ii) Pay to Plaintiff all the damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

(iii) Pay an award of punitive damages to Plaintiff, to be assessed by the Court;

(iv) Pay Plaintiff's reasonable attorneys' fees and costs in this action; and

(C) Awarding Plaintiffs such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable by jury.

RESPECTFULLY SUBMITTED,

SARKIS' CAFE, INC., Plaintiff

By: *s/Jeffrey R. Rosenberg*
       One of Its attorneys

Jeffrey R. Rosenberg (ARDC #6243770)
Michael Victor (ARDC #6297846)
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:    (847) 291-0200
Facsimile:    (847) 291-9230
Email: jrosenberg@okgc.com