IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARKIS' CAFE, INC., an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 9686 |
| | ) | |
| v. | ) | Hon. Judge John Z. Lee |
| | ) | |
| SARKS IN THE PARK, LLC, an Illinois limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarkis' Cafe, Inc., an Illinois corporation ("Sarkis"), has sued Defendant Sarks in the Park, LLC, an Illinois limited liability company ("Sarks"), for false designation of origin, trademark infringement, dilution, unfair competition, consumer fraud, deceptive trade practices, and injunctive relief. Plaintiff asserts these claims pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), Illinois common law, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1. Defendant now moves to dismiss Plaintiff's Second Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth herein, Defendant's motion is denied.

**Factual Background**

The following facts alleged in Plaintiff's Complaint are assumed to be true for purposes of this motion. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Plaintiff Sarkis opened its business in or around 1965 in Evanston, Illinois. (2d Am. Compl. ¶ 5.) Sarkis is a restaurant that serves breakfast and lunch and offers unique meals bearing such names as the "Loretta," "Disaster," and "Animal." (*Id.*) Jeff Cramin purchased

Sarkis from its original owner in November 2000, and incorporated Sarkis as an Illinois corporation on February 26, 2001. (*Id.* ¶ 6.) Cramin died on May 9, 2002, whereupon his wife, Marla Cramin ("Ms. Cramin"), took over as the owner of Sarkis. (*Id.*) On November 9, 2010, Ms. Cramin registered the word "Sarkis" with the United States Patent and Trademark Office as USPTO Reg. No. 3872829, Serial No. 77968293. (*Id.* ¶ 7.) The Sarkis name has developed valuable good will through the restaurant's more than 40 years of business. (*Id.* ¶ 8.)

On May 5, 2009, Defendant Sarks in the Park was formed as an Illinois limited liability company. (*Id.* ¶ 9.) Defendant thereafter opened its restaurant, called Sarks in the Park, at 444 W. Fullerton Parkway, Chicago, Illinois, in or around July 2009. (*Id.* ¶ 10.) From the time the restaurant opened, Sarks in the Park has offered and continues to offer the identical unique menu items offered by Sarkis, including, but not limited to, the "Loretta," "Disaster," and "Animal." (*Id.* ¶ 11.) Sarks in the Park describes the aforementioned sandwiches as "Original Sarks Sandwiches," with full knowledge of Plaintiff's restaurant, its name, and its longtime use of these same sandwich names. (*Id.* ¶ 11.)

Defendant also created a website, www.sarksinthepark.com, which features on the front page a logo that is nearly identical to Plaintiff's logo. (*Id.* ¶ 12.) Furthermore, Defendant's website contains a section that mentions Plaintiff's restaurant and calls Sarks in the Park the Lincoln Park equivalent of the Evanston Sarkis. (*Id.* ¶ 13.) Defendant also launched a Facebook page that identified Sarks in the Park as the "second location" of Sarkis. (*Id.* ¶ 14.) Plaintiff never gave its consent or authorization to Defendant to use the "Sarks" or "Sarkis" names. (*Id.* ¶ 15.)

As a result of Defendant's logo, name, menu, website, and Facebook page, consumers and media outlets, including a website run by the Chicago Tribune, have concluded that Plaintiff

and Defendant's restaurants are one and the same. (*Id.* ¶ 16.) Additionally, Defendant made direct misrepresentations to the media about its affiliation with Plaintiff's restaurant. (*Id.* ¶ 17.) To illustrate the harm caused by Defendant to Plaintiff, Plaintiff asserts that the ratings of the two restaurants on the popular food review websites yelp.com and grubhub.com indicate that Defendant's restaurant is inferior to Plaintiff's restaurant. (*Id.* ¶¶ 18-19.)

On July 18, 2009, Plaintiff's counsel sent a letter to Defendant's counsel informing Defendant that its planned use of the Sarks name, mark, menu, and logo would violate Plaintiff's rights. (*Id.* ¶ 20.) Defendant disregarded the letter and proceeded to open and operate its restaurant. (*Id.* ¶ 21.) Plaintiff alleges that the similarity between the two restaurants has resulted in a very high likelihood of confusion among the public as to the affiliation between Sarks and Sarks in the Park. (*Id.* ¶ 22.) Moreover, many customers have expressed confusion to Ms. Cramin as to the ownership of Defendant's restaurant, assuming that the two restaurants are connected. (*Id.*)

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) on two grounds. First, Defendant contends that the Complaint is time-barred by the applicable statutes of limitations. Alternatively, Defendant argues that Plaintiff's Lanham Act claims (Counts I through III) are barred by the doctrine of laches. In addition, Defendant also seeks sanctions against Plaintiff in the form of attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and 15 U.S.C. § 1117(a). The Court will address each issue in turn.

## Discussion

### I. Statute of Limitations

Defendant first urges the Court to dismiss the Complaint pursuant to Rule 12(b)(6), arguing that each of Plaintiff's six claims is governed by a three-year statute of limitations and

3

the allegations of the Complaint admit that Plaintiff failed to file this lawsuit within the three-year period. Plaintiff retorts that its Lanham Act claims (Counts I through III) need not comply with a three-year limitations period and that, in any event, the claims are nonetheless preserved by the continuing violation doctrine. For the reasons stated below, the Court finds that all six counts of the Complaint are subject to a limitations period of three years. The Court also holds, however, that Plaintiff's allegations are insufficient to establish that its claims should be precluded by the statute of limitations.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint, however, need not anticipate nor overcome affirmative defenses. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). As such, a court cannot dismiss a plaintiff's complaint under Rule 12(b)(6) simply because it fails to plead around an affirmative defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (Easterbrook, J.) (reversing dismissal of plaintiff's complaint under 12(b)(6) because it was irrelevant that complaint failed to plead around defendant's assertion that suit was untimely). That said, dismissal of a claim under Rule 12(b)(6) may be appropriate where a plaintiff affirmatively "pleads itself out of court" by alleging facts in the complaint that are sufficient to establish an affirmative defense. *Xechem*, 372 F.3d at 901 (Easterbrook, J.).

A defendant's invocation of a statute of limitations constitutes an affirmative defense. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). As such,

4

the Court may only grant this motion if the Complaint plainly establishes that Plaintiff did not comply with the limitations period. Therefore, as a threshold matter, the Court must determine the appropriate statute of limitations for Plaintiff's claims.

Turning first to Plaintiff's Lanham Act claims (Counts I through III), Plaintiff is correct that the Lanham Act does not provide a specific statute of limitations. *See Hot Wax, Inc. v. Warsaw Chem. Co.*, 45 F. Supp. 2d 635, 647 (N.D. Ill. 1999). In such instances, however, the Supreme Court has indicated that courts should apply the statute of limitations from the most analogous state statute, rather than simply imposing an indefinite limitations period, as Plaintiff suggests. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Where a plaintiff alleges trademark infringement as well as unfair competition under the Lanham Act, courts have "found that most analogous Illinois limitation period [is] the three-year-statute of limitations found in the Illinois Consumer Fraud and Deceptive Business Practices Act." *S&A Futures, LLC – Series 2 v. Sysco Chicago, Inc.*, No. 11-C-7629, 2012 WL 851556, at *3 (N.D. Ill. Mar. 13, 2012) (quoting *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 793 (7th Cir. 2002)). *See also Clever Ideas, Inc. v. Citicorp Diners Club, Inc.*, No. 02 C 5096, 2003 WL 21982141, at *13 (N.D. Ill. Aug. 20, 2003) ("That [three-year] statute of limitations is thus applicable to Clever Ideas' trademark and unfair competition claims."). The Court therefore applies a three-year statute of limitations to Plaintiff's Lanham Act claims.

With this three-year limitations period in mind, Defendant contends that the Complaint should be dismissed because Plaintiff filed its first Complaint at least six months after the three-year window had expired. Defendant points out that, as alleged in the Complaint, Plaintiff was aware of Defendant's challenged conduct as early as July 2009, but failed to sue the Defendant until January 2013. But this does not end the inquiry. According to Plaintiff, its Lanham Act

5

claims are still timely because Defendant's conduct continues to this day (Compl. ¶ 11) and, therefore, constitutes a "continuing wrong" under *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983).

In *Taylor*, plaintiff Taylor created and copyrighted maps for use by fishermen in three Illinois lakes. Defendant Meirick copied the maps in 1976 and 1977 without plaintiff's permission and sold them to dealers, who in turn sold them to customers. As a result, Taylor sued for copyright infringement in May 1980, and Meirick sought to dismiss the action based upon the three-year statute of limitations contained in the Copyright Act. *Id.* at 1117.

Citing "the general principle that the statute of limitations does not begin to run on a continuing wrong till the wrong is over and done with," *id.* at 1118, the Seventh Circuit found that "Meirick's infringement was a continuing wrong." *Id.* at 1119. "He copied Taylor's maps in 1976 and 1977 and either sold copies till 1979, which was well within the three years of the bringing of this suit, or at least became party to infringements by his dealers which continued till after the suit was filed." *Id.* In so holding, the Seventh Circuit concluded that "[t]he initial copying was not a separate and completed wrong, but simply the first step in a course of wrongful conduct that continued till the last copy of the infringing map was sold by Meirick or with his connivance." *Id.*

This Court recognizes that the reasoning in *Taylor* has been the subject of recent scrutiny. Indeed, several district courts within this Circuit have noted the Seventh Circuit's subsequent elaboration (and seeming limitation) of the continuing violation theory in *Dasgupta v. Univ. of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997) (holding in a Title VII discrimination case that "a continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become

clear until it was repeated during the limitations period"), as well as the apparent inconsistency between the reasoning in *Taylor* and *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992 (7th Cir. 2002) (finding that each sale of illegal cable decoder was an independent violation of the Cable Communications Policy Act and not a continuing violation). *See, e.g., Persis Int'l. Inc. v. Burgett, Inc.*, No. 09 C 7451, 2012 WL 4176877, at *4 (N.D. Ill. Sept. 18, 2012); *Peterson v. Harley Davidson, Inc.*, Case No. 12-CV-00381, 2012 WL 3113184, at *3 (E.D. Wis. Jul. 31, 2013). Be that as it may, *Taylor* remains binding law, and the circumstances and claims presented in *Taylor* more closely resemble those at issue here as compared to those in *Dasgupta* and *CSC Holdings*. Because Plaintiff has alleged that Defendant is continuing to infringe upon the subject trademarks and violating the Lanham Act (which allegations are accepted as true for the purposes of this motion), Plaintiff's Lanham Act claims are not precluded by the statute of limitations at this stage of the litigation.

As for Plaintiff's state law claims, it is undisputed that the Illinois Consumer Fraud and Deceptive Business Practices Act (Count V) contains a three-year statute of limitations. *See* 815 Ill. Comp. Stat. § 505/10(a)(e). Furthermore, this three-year limitations period has been held to govern claims for common law unfair competition as well as claims asserted under the Illinois Uniform Deceptive Trade Practices Act. *See Persis*, 2012 WL 4176877, at *3 ("For both the unfair competition and Illinois Deceptive Trade Practices Act claims, it appears the limitations period is three years") (citing *Clever Ideas*, 2003 WL 21982141, at *13 and *Reinke & Assocs. Architects Inc. v. Cluxton*, No. 02 C 0275, 2002 WL 31817982, at *1 (N.D. Ill. Dec. 16, 2002)). As such, the Court applies a three-year limitations period to Plaintiff's state law claims. And, as with Plaintiff's Lanham Act claims, the continuing violations doctrine also applies to these claims. *See Grove Fresh Distrib., Inc. v. Everfresh, Inc.*, Case No. 89-C-1113, 1990 WL

250416, at *2 (N.D. Ill. Dec. 17, 1990) ("As long as the plaintiff can prove damages from the defendants' continuous course of [unfair competition], including some wrongful conduct within the statutory period, the plaintiff can recover for the entire period."). *See also Badgon v. Firestone Tire & Rubber Co.*, No. 87-C-4698, 1989 WL 24492, at *6 (N.D. Ill. Mar. 10, 1989) (holding that Plaintiff's Illinois Consumer Fraud and Deceptive Business Practices Act claim not time-barred because Defendant unable to prove wrongful conduct was "over and done with" prior to commencement of three-year limitations period); *Persis Int'l*, 2012 WL 4176877, at *4 (finding that Plaintiff's Illinois Uniform Deceptive Trade Practices Act claim not time-barred because Defendant's last act of infringement occurred within three-year limitations window).

Accordingly, Defendant's motion to dismiss Counts I through VI based upon the statute of limitations is denied.

## II. Laches

Next, Defendant contends that Plaintiff's Lanham Act claims are barred by the doctrine of laches. Because Plaintiff's Complaint does not establish the elements of laches necessary to plead itself out of court, this argument also is not well-taken.

In order to establish laches within the context of a trademark infringement claim, a defendant must demonstrate: that "the plaintiff had knowledge of the defendant's use of an allegedly infringing mark . . . that the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and that the defendant would be prejudiced by allowing the plaintiff to assert its rights at this time." *Chattanoga*, 301 F.3d at 792-93. Because laches is an affirmative defense, *see Whittington v. Indianapolis Motor Speedway Found., Inc.*, 601 F.3d 728, 732 (7th Cir. 2010), a defendant can only prevail on a laches defense at this early stage of the proceedings if a complaint plainly establishes each of the above three elements. This standard is difficult to

meet, and even Defendant admits that laches is not typically an appropriate basis for dismissal at the pleading stage. (*See* Def.'s Mem. Supp. Mot. Dismiss 9.)

In this case, although the Complaint establishes that Plaintiff was aware of the challenged conduct in July 2009, it does not provide sufficient facts to demonstrate that the doctrine of laches would preclude Plaintiff's claims. For example, assuming, as we must, that Defendant received notice of Plaintiff's objections in July 2009 (Compl. ¶ 20) and proceeded to open and operate its restaurant "with full knowledge" of Plaintiff's trademark (*Id.* ¶ 11), it is unclear whether Defendant would be able to invoke laches as a defense. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) ("A defendant who intentionally infringes a trademark with the bad faith intent to capitalize on the markholder's good will lacks the clean hands necessary to assert the equitable defense."). The cases upon which Defendant relies are distinguishable. For instance, the plaintiff in *Hot Wax* waited for over 20 years to file its claim, while the plaintiff in *Chattanoga* waited nine years. *See Hot Wax*, 45 F. Supp. 2d at 647; *Chattanoga*, 301 F.3d at 793. The periods of delay in these cases far exceeded the six-month period at issue here.

For these reasons, the Court denies Defendant's Rule 12(b)(6) motion to dismiss Counts I through III of the Complaint under the doctrine of laches.

### III. Defendant's Request for Sanctions

Defendant urges the Court to award it reasonable fees and costs pursuant to 28 U.S.C. § 1927 and 15 U.S.C. § 1117(a) for having to move to dismiss Plaintiff's First and Second Amended Complaints. This request is premised upon the assumption that Defendant's motion to dismiss would be granted. Because the Court denies the motion, Defendant's request for reasonable fees and costs is denied.

**<u>Conclusion</u>**

For the reasons provided in this Memorandum Opinion and Order, the Court denies Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 53.]


**SO ORDERED**                                        **ENTER: 12/16/13**

                                                                        _____
                                                                        **JOHN Z. LEE**
                                                                        **United States District Judge**