**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **SARKIS' CAFE,** an Illinois corporation, | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | Case No. 12-cv-9686 |
| v. | ) | |
| | ) | Judge: John Z. Lee |
| **SARKS IN THE PARK, LLC**, an Illinois | ) | |
| Limited Liability Company, | ) | Magistrate Judge: Geraldine Soat Brown |
| | ) | |
| Defendant/Counterplaintiff. | ) | |
| _____ | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SARKS IN THE PARK, LLC**, an Illinois | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DANIEL K. GALLAGHER** and | ) | |
| **SCOTT N. JAFFE**,    both individuals, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**DEFENDANT'S ANSWER TO SECOND AMENDED
COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK
INFRINGEMENT, DILUTION, UNFAIR COMPETITION, CONSUMER
FRAUD, DECEPTIVE TRADE PRACTICES, AND INJUNCTIVE RELIEF;
DEFENDANTS' COUNTERCLAIMS AND THIRD PARTY COMPLAINT**

Defendant Sarks in the Park, LLC ("Sarks") hereby answers Plaintiff Sarkis Café's

("Sarkis") Second Amended Complaint as follows:

## THE PARTIES

1.      Plaintiff, Sarkis' Cafe, Inc., is an Illinois corporation.

## ANSWER:

Sarks admits the allegations of paragraph 1.

1

2.     Defendant, Sarks in the Park, LLC, is an Illinois limited liability company with its principal office located at 444 West Fullerton, Chicago, Illinois.

**ANSWER:**

Sarks admits the allegations of paragraph 2.

## JURISDICTION AND VENUE

3.     The Court's jurisdiction over this controversy arises from: (a) this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, and this Court has original jurisdiction over all actions arising thereunder, 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338; and (b) certain claims are joined with the substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, and are conferred original and supplemental jurisdiction pursuant to 28 U.S.C. §§1338(b) and 1367.

**ANSWER:**

Sarks admits the Court has subject matter jurisdiction over this controversy.  Sarks denies

the remaining allegations of paragraph 3.

4.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) because the defendant resides in this State and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**ANSWER:**

Sarks admits that venue is proper in this Court.  Sarks admits that it resides in Illinois.

Sarks denies the remaining allegations of paragraph 4.

## INTRODUCTION

5.     In or about 1965, Sarkis Cafe ("Sarkis") opened in Evanston, Illinois near New Trier High School. Sarkis serves breakfast and lunch, offering unique food items such as the Loretta, Disaster and Animal. (A copy of Sarkis' menu is attached here as Exhibit A). Sarkis quickly became a popular and well-known spot with college and high school students and it flourished over the next thirty-five years.

**ANSWER:**

Sarks admits that Exhibit A purports to be a Sarkis menu.  Sarks admits that Plaintiff is a

restaurant in Evanston, Illinois.  Sarks admits that Plaintiff serves breakfast and lunch, and that it

serves menu items called Loretta, Disaster, and Animal. Sarks is without knowledge or

information sufficient to form a belief about the truth of the remaining allegations of Paragraph 5.

6.    In or about November 2000, the original owner of the restaurant decided to retire and Sarkis was sold to Jeff Cramin ("Jeff"), a long-time patron and lover of the restaurant. Jeff incorporated Sarkis as an Illinois corporation on February 26, 2001. (A copy of the Illinois Corporation File Report is attached hereto as Exhibit B). The restaurant's success continued under Jeff until May 9, 2002 when Jeff died suddenly in an accident. Jeff's wife, Marla Cramin ("Marla"), continued as the owner of Sarkis.

**ANSWER:**

Sarks admits that Exhibit B purports to be a copy of an Illinois corporation report. Sarks

admits that Marla Cramin is the current owner of Plaintiff. Sarks is without knowledge or

information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6.

7.    On March 25, 2010, Marla, through counsel, applied to the United States Patent and Trademark Office (or "USPTO") to register the word mark "Sarkis". On November 9, 2010, the USPTO registered the work mark "Sarkis", consisting of standard characters without claim to any particular font, style, size or color for café and restaurant services, USPTO Reg. No. 3872829, Serial No. 77968293. (A true and correct copy of Sarkis' trademark registration is attached and incorporated here as Exhibit C).

**ANSWER:**

Sarks admits that Exhibit C purports to be U.S. Trademark Registration No. 3,872,829.

Sarks admits that Exhibit C indicates that the application resulting in such Registration was filed

on November 9, 2010. Sarks is without knowledge or information sufficient to form a belief

about the truth of the remaining allegations of Paragraph 7.

8.    Sarkis has generated substantial profits and good will under the trade name and mark Sarkis in the state of Illinois. By virtue of Sarkis' continued use of the trade name Sarkis, Sarkis became and is distinctive and well-recognized, possesses a strong secondary meaning and has extremely valuable good will attached to its mark.

**ANSWER:**

Sarks is without knowledge or information sufficient to form a belief about the truth of

the remaining allegations of Paragraph 8.

## SARKS IN THE PARK

9.       On May 5, 2009, Sarks in the Park, LLC formed as an Illinois Limited Liability Company. (A copy of the Illinois Corporation File Report is attached hereto as Exhibit D). Sarks in the Park, LLC had and has no affiliation with Sarkis or Sarkis Cafe, Inc.

**ANSWER:**

Sarks admits that it was formed as an Illinois Limited Liability Company on or about

May 5, 2009.  Sarks denies the remaining allegations of paragraph 9.

10.      In or about July 2009, Sarks in the Park, LLC began operating a restaurant called Sarks in the Park, located at 444 W. Fullerton Parkway, Chicago, Illinois.

**ANSWER:**

Sarks admits the allegations of paragraph 10.

11.      Sarks in the Park offered, and still offers, the identical unique items offered by Sarkis, including the Loretta, Disaster and Animal. Sarks in the Park describes these items on its menu as "Original Sarks Sandwiches." (A copy of Sarks in the Park menu is attached hereto as Exhibit E). Defendant made and makes these representations with full knowledge of Plaintiff's use and trademark of the word "Sarkis" and Plaintiff's longtime use of the aforementioned sandwich names.

**ANSWER:**

Sarks admits only that Exhibit E appears to be a copy of Sarks' menu in the past.  Sarks

denies the remaining allegations of paragraph 11.

12.      Defendant opened a website under the domain name www.sarksinthepark.com. The header of the front page of the website states "Sarks in the Park" over an image of a frying pan containing eggs – nearly the identical logo used by Sarkis. Next to the image is the phrase "Home of the Loretta." (A copy of the front page of the Sarks in the Park website is attached hereto as Exhibit F)(A copy of Sarkis' logo is attached hereto as Exhibit G).

**ANSWER:**

Sarks admits that Exhibit F purports to be a copy of the front page of Sarks' website on September 9, 2012. Sarks also admits that Exhibit G appears to be a copy of Sarks' logo. Sarks denies the remaining allegations of paragraph 12.

13.     The Sarks in the Park website, in the "about us" section and under the heading "Who we are …", states:

> Sarkis Cafe in Evanston has long been known as a local hangout for teens looking to indulge in a plate of cheesie hash and loaded bacon sandwiches. And so, we thought what better than a Sarks in Lincoln Park to give all you Loretta lovers a home right here, in the city.

(*See*, Exhibit H).

**ANSWER:**

Sarks admits the allegations of paragraph 13.

14.     Defendant also opened a Facebook page wherein it states, "Early this summer Sarkis Cafe will open a second location called Sarks in the Park in the heart of Lincoln Park. Look for all of your favorites as we are bringing the same great omelets, hash browns, sausage and veggies that you grew up with." (A copy of the Facebook page is attached hereto as Exhibit I).

**ANSWER:**

Sarks is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 insofar as Exhibit I is not Sarks' official Facebook page.

15.     Defendant's use of the "Sarks" and "Sarkis" name is without the consent or authorization of Plaintiff.

**ANSWER:**

Sarks denies the allegations of paragraph 15.

16.     As a result of Defendant's misrepresentations and use of Sarkis' logo, name and menu, consumers and media outlets have concluded that the two restaurants are one and the same. Metromix, a Chicago website run by the Chicago Tribune, stated of Sarks in the Park as follows:

> This city outpost of popular and long-running Evanston diner **Sarkis Cafe** serves up omelets, sandwiches, burgers and short-order sides such as hash browns. Since the 1950s, the breakfast-focused original has been known for the Sarkis Special,

5

an omelet stuffed with ham, cheese, tomatoes, onions, mushrooms and green peppers. But even with the overwhelming emphasis on that all-important first meal of the day, the restaurant doesn't overlook lunch. You'll find quite a selection of specialty sandwiches too, including numerous takes on the popular Loretta French bread sandwich and the Disaster, a homemade sausage sammie smothered with cheese.

(A copy of the Metromix website page is attached hereto as Exhibit J).

**ANSWER:**

Sarks admits that Exhibit J contains the quoted language cited.   Sarks denies the

remaining allegations of paragraph 16.

17.    Defendant also apparently made direct misrepresentations to media outlets.

The WGN9 News Blog posted the following story:

It's a North Shore greasy spoon legendary for its cheap eats, scrambled eggs, and disasters. Josh Alomia was always a big fan - he went to New Trier High School, and recalls the days of heading to Sarkis before the first bell. He approached them with a grand vision, to provide the greasy goodness of Sark's all over Chicagoland and beyond. They accepted...and Chicagoans have been lining up at the corner of Clark and Fullerton ever since. One thing I had to try at Sarks - the Bacon Loretta. It's a hogie sized sandwich, with bacon, cheese, green pepper, tomato, onion, and mayo - all smothered between two toasted pieces of French bread. I ordered mine with a side of "loaded hash browns," which also come with cheese and veggies. Both are extremely tasty - and $5.50 for the sandwich is a total steal. You won't stay skinny eating at Sarks everyday. I'm pretty sure I wouldn't have made it back to the station had I finished it all. Here's the location...
**Sarks in the Park**
**444 W. Fullerton Pkwy**
**Chicago, IL**
**Corner of Clark and Fullerton, just under Emilios Tapas**
**773.520.4777**
**Hours: Monday-Thursday 6am-9pm; Friday-Saturday 6am-3am; Sunday 6am-3pm**
**www.sarksinthepark.com**
As for the original Sarkis Cafe, you can find it at....
**Sarkis Cafe**
**2632 Gross Point Rd.**
**Evanston, IL**
**847-328-9703**

(A copy of the WGN9 News Blog page is attached hereto as Exhibit K).

**ANSWER:**

Sarks admits that Exhibit K purports to be a copy of a WGN9 blog. Sarks denies the

remaining allegations of paragraph 17.

18.     Sarks in the Park is also serving an inferior product. On Yelp.com Sarks in the
Park received 3 out of 5 stars (compared to 4 out of 5 for Sarkis) and garnered comments such
as: "as far as flavor goes there's not much to write home about", "the bacon … was so gross",
"I'm wondering if they wash their pans in between uses…" Reviewers also clearly confuse the
two restaurants, stating, "Are these guys affiliated with the original Sarkis?", "Sarks in the park,
like its predecessor (sarkis)", and "I love the original Sarks and want to love this one, but it just
doesn't do it for me anymore." (A copy of the yelp.com page is attached hereto as Exhibit L).

**ANSWER:**

Sarks admits that Exhibit L purports to contain the quotes cited. Sarks denies the

remaining allegations of paragraph 18.

19.     On grubhub.com, the following reviews were posted: "nowhere near as good as
the original Sarkis in Evanston. I was really disappointed with my veggie Loretta", "it's not quite
'real Sarks'", "the food defines mediocre. (A copy of the grubhub.com page is attached hereto
as Exhibit M).

**ANSWER:**

Sarks admits that Exhibit M purports to contain the cited reviews. Sarks denies the

remaining allegations of paragraph 19.

20.     On July 18, 2009, counsel for Plaintiff sent correspondence to counsel for
Defendant, informing Defendant that its use of the Sarkis name, mark, menu and logo would
infringe upon Plaintiff's rights. (A true and correct copy of the July 18, 2009 letter is attached as
Exhibit N).

**ANSWER:**

Sarks admits the allegations of paragraph 20.

21.     Defendant nonetheless proceeded to open and operate its competing restaurant
under the patently infringing Sarks in the Park mark in conscious and deliberate disregard of
federal law, Illinois common law and the federally registered trademark rights of Plaintiff.

**ANSWER:**

Sarks denies the allegations of paragraph 21.

22.     The strong similarity between Defendant's Sarks in the Park mark and Plaintiff's registered Sarkis mark, products, and business model, Defendant's express claims of affiliation and their geographical proximity have resulted in a very high likelihood of confusion among the public as to the source of the parties' respective restaurant services. In addition to the multiple online comments, many of Plaintiff's existing customers and other individuals expressed actual confusion to Marla as to the ownership of Sarks in the Park, and assumed that "Sarks in the Park" was simply a second Sarkis restaurant.

**ANSWER:**

Sarks denies the allegations of paragraph 22.

## COUNT I

### FALSE DESIGNATION OF ORIGIN, IMPROPER USAGE AND FALSE DESCRIPTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)

23.     Plaintiff repeats and realleges Paragraphs 1 - 22 of this Complaint as and for this Paragraph 23.

**ANSWER:**

Sarks repeats and re-alleges every answer set forth above with respect to Paragraphs 1-22.

24.     As a result of the unauthorized, improper and false designation of origin, description of fact, representation of fact and/or use of the Sarks in the Park, Sarkis and related (including Loretta, Disaster and Animal) names in connection with the goods, services and operation of a full-service breakfast and lunch restaurant, Defendant has and is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association of Sarks in the Park with Sarkis or as to the origin, sponsorship or approval of Sarks in the Park and its goods and services by Plaintiff, in violation of the Lanham Act, 15 U.S.C. §1125(a).

**ANSWER:**

Sarks denies the allegations of paragraph 24.

25.     Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its goods and services. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant and its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

**ANSWER:**

Sarks denies the allegations of paragraph 25.

26.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

**ANSWER:**

Sarks denies the allegations of paragraph 26.

27.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

**ANSWER:**

Sarks denies the allegations of paragraph 27.

28.     An award of punitive damages is appropriate where the Defendant exhibited a conscious and deliberate disregard of the rights of others.

**ANSWER:**

Sarks denies the allegations of paragraph 28.

## COUNT II

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1114

29.     Plaintiff repeats and realleges Paragraphs 1-28 of this Complaint as and for this Paragraph 29.

**ANSWER:**

Sarks repeats and re-alleges every answer set forth above with respect to Paragraphs 1-28.

30.     As a result of its unauthorized use of the infringing Sarkis mark in connection with the advertising, promotion and operation of Defendant's competing restaurant Sarks in the Park, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the Lanham Act 15 U.S.C. §§ 1114(1).

**ANSWER:**

Sarks denies the allegations of paragraph 30.

31.     Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of the Lanham Act, 15 U.S.C. §§ 1114.

**ANSWER:**

Sarks denies the allegations of paragraph 31.

32.     Defendant's acts were and are undertaken in bad faith and conscious disregard of Plaintiff's protected trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its registered Sarkis trademarks. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

**ANSWER:**

Sarks denies the allegations of paragraph 32.

33.     Defendant misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered "Sarkis" mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

**ANSWER:**

Sarks denies the allegations of paragraph 33.

34.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

**ANSWER:**

Sarks denies the allegations of paragraph 34.

35.     Any person who utilizes in commerce any reproduction or colorable imitation of a registered trademark in connection with the sale, distribution or advertising of any goods or services or in connection with which such use is likely to cause confusion, mistake or to deceive, without consent of the registrant, shall be liable in a civil action by the registrant. 15 U.S.C. § 1114(1). Available remedies include injunctive relief to prevent the violation of any right of the registrant of a mark registered in the USPTO, recovery equivalent to three times Defendant's profits, any damages sustained by the registrant and the costs of the action. See, 15 U.S.C. §§ 1116, 1117.

**ANSWER:**

Sarks denies the allegations of paragraph 35.

## COUNT III

### DILUTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(c)

36.     Plaintiff repeats and realleges Paragraphs 1-35 of this Complaint as and for this Paragraph 36.

**ANSWER:**

Sarks repeats and re-alleges every answer set forth above with respect to Paragraphs 1-35.

37.     The Sarkis name and mark is a distinctive and famous mark.

**ANSWER:**

Sarks denies the allegations of paragraph 37.

38.     As a result of their unauthorized use of the infringing Sarkis mark in connection with the advertising, promotion and operation of Defendant's competing restaurant Sarks in the Park, Defendant has diluted the Sarkis mark by lessening the capacity of the mark to distinguish the goods and services offered by Plaintiff and by tarnishing the Sarkis mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

**ANSWER:**

Sarks denies the allegations of paragraph 38.

## COUNT IV

### ILLINOIS COMMON LAW UNFAIR COMPETITION

39.     Plaintiff repeats and realleges Paragraphs 1-38 of this Complaint as and for this Paragraph 39.

**ANSWER:**

Sarks repeats and re-alleges every answer set forth above with respect to Paragraphs 1-38.

40.     As a result of its unauthorized use of the infringing Sarks in the Park mark in connection with the advertising, promotion and operation of Defendant's competing restaurant,

Sarks in the Park, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the common law of the state of Illinois.

**ANSWER:**

Sarks denies the allegations of paragraph 40.

41.     Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its competing restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of the common law of Illinois.

**ANSWER:**

Sarks denies the allegations of paragraph 41.

42.     Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's protected trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its Sarkis trademark. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

**ANSWER:**

Sarks denies the allegations of paragraph 42.

43.     Defendant misappropriated valuable property rights of Plaintiff's, are trading on the goodwill symbolized by its registered "Sarkis" mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

**ANSWER:**

Sarks denies the allegations of paragraph 43.

44.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

**ANSWER:**

Sarks denies the allegations of paragraph 44.

## COUNT V

**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***

45.     Plaintiff repeats and realleges Paragraphs 1 - 44 of this Complaint as and for this Paragraph 45.

**ANSWER:**

Sarks repeats and re-alleges every answer set forth above with respect to Paragraphs 1-44.

46.     As a result of its unauthorized use of the infringing Sarks in the Park mark in connection with the advertising, promotion and operation of Defendant's competing restaurant, Sarks in the Park, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (the "Illinois Consumer Fraud Act"). *See*, 815 ILCS 505/2 (prohibiting unfair methods of competition and unfair or deceptive acts or practices, including but not limited to any deception, fraud, false pretense or misrepresentation).

**ANSWER:**

Sarks denies the allegations of paragraph 46.

47.     Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its competing restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of Section 2 of the Illinois Consumer Fraud Act.

**ANSWER:**

Sarks denies the allegations of paragraph 47.

48.     Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's protected rights and trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its Sarkis trademark. Defendant thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its competing restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

**ANSWER:**

Sarks denies the allegations of paragraph 48.

13

49.     Defendant misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered Sarkis mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

**ANSWER:**

Sarks denies the allegations of paragraph 49.

50.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

**ANSWER:**

Sarks denies the allegations of paragraph 50.

51.     Pursuant to Section 10a of the Illinois Consumer Fraud Act, the court may, in its discretion, award actual economic damages or any other remedy which it deems proper, including the assessment of punitive damages and award of Plaintiff's reasonable attorney's fees and costs. *See*, 815 ILCS 505/10a.

**ANSWER:**

Sarks denies the allegations of paragraph 51.

## COUNT VI

**VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/1, *et seq.***

52.     Plaintiffs repeat and reallege Paragraphs 1 - 51 of this Complaint as and for this Paragraph 52.

**ANSWER:**

Sarks repeats and re-alleges every answer set forth above with respect to Paragraphs 1-51.

53.     As a result of its unauthorized use of the infringing Sarks in the Park mark in connection with the advertising, promotion and operation of Defendant's competing restaurant, Defendant is likely to cause confusion or mistake or to deceive the public, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.* (or the "Illinois Deceptive Practices Act"). *See*, 815 ILCS 510/2(a) (defining deceptive trade practices to include "passing off goods or services as those of another" and/or causing "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services").

**ANSWER:**

Sarks denies the allegations of paragraph 53.

54.     Defendant is likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendant or its competing restaurant, Sarks in the Park, with Plaintiff or its restaurant, Sarkis, or as to the origin, sponsorship, or approval by Plaintiff of Sarks in the Park, causing consumers to rely thereon, in violation of Section 2 of the Illinois Deceptive Practices Act.

**ANSWER:**

Sarks denies the allegations of paragraph 54.

55.     Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Sarkis, and its registered trademark for Sarkis, and to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its restaurant, Sarks in the Park, and Plaintiff and its restaurant, Sarkis.

**ANSWER:**

Sarks denies the allegations of paragraph 55.

56     Defendant misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered Sarkis mark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

**ANSWER:**

Sarks denies the allegations of paragraph 56.

57.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of and cause Plaintiff damages and injury.

**ANSWER:**

Sarks denies the allegations of paragraph 57.

58.     A person likely to be effected by the deceptive trade practices of another may be granted injunctive relief upon terms that the court considers reasonable, without the necessity of proof of monetary damages, loss of profits or the intent to deceive. *See*, 815 ILCS 510/3.

**ANSWER:**

Sarks denies the allegations of paragraph 58.

59.     Costs or attorneys fees, or both, may be assessed against a defendant of the court finds that he has willfully engaged in a deceptive trade practice. *See, Id.*

**ANSWER:**

Sarks denies the allegations of paragraph 59.

60.     In order to prevail under the Illinois Deceptive Practices Act, the plaintiff need not prove competition between the parties or any actual confusion or misunderstanding. *See*, 815 ILCS 510/2(b).

**ANSWER:**

Sarks denies the allegations of paragraph 60.

## **AFFIRMATIVE DEFENSES**

1.     The Second Amended Complaint fails to state claims upon which relief may be granted

2.     Plaintiff's claims are barred by the applicable statute of limitations.

3.     Plaintiff's claims are barred by the doctrine of express or implied license.

4.     No damage to Plaintiffs has resulted from the conduct of Defendant.

5.     There is no likelihood of confusion regarding any Plaintiff's mark.

6.     No actions of Sarks have confused, deceived or mislead any customers, purchasers, or the general public.

7.     To the extent Plaintiff suffered any damages, which Sarks expressly denies, the damages are speculative and unrecoverable, and Plaintiff has failed to allege that it has suffered any recoverable damages as a result of the alleged actions of Sarks.

8.     To the extent Plaintiff suffered any damages, which Sarks expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

9.      The causes of action alleged in the Second Amended Complaint are barred, in whole or in part, due to the fact that Plaintiff has not sustained any damages.

10.      The causes of action alleged in the Second Amended Complaint are barred, in whole or in part, by application of the doctrines of laches and estoppel.

11.      No action of Sarks has diluted, tarnished, blurred, or otherwise harmed the distinctiveness of any Plaintiff mark.

12.      Plaintiff's federal trademark registrations are void ab initio because at the time of procurement, the mark had not been used in interstate commerce.

13.      Plaintiff's claims, in whole or in part, are barred because Sarks' conduct has at all times been innocent, in good faith, and non-willful.

14.      Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

15.      Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence and abandonment.  Plaintiff has acquiesced in and neglected and failed to enforce its marks against multiple third-party uses relating to the same or similar goods or services.  Such acquiescence, neglect, and failure to enforce by Plaintiff have occurred over many years with Plaintiff's full knowledge of such use.  Such prolonged acquiescence, neglect, and failure to enforce have undermined any strength and distinctiveness of Plaintiff's marks in the mind of the public.  As a result, Plaintiff's marks are not famous, distinctive or enforceable, and there is no likelihood of confusion, deception, or mistake that goods or services sold in connection with Sarks distinctively different mark have the same source of sponsorship or association with goods or services sold in connection with Plaintiff's marks.

16. Sarks reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

WHEREFORE, Defendant Sarks respectfully requests that the Court:

a. Dismiss the Second Amended Complaint with prejudice, and award judgment to Sarks;

b. Pursuant to 15 U.S.C. § 1117, award Sarks its reasonable attorneys' fees and costs incurred in having to defend this action; and

c. For all such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS AND THIRD PARTY CLAIMS

Defendant/Counterplaintiff Sarks in the Park, LLC (hereinafter "Sarks" or Counterplaintiff) for its counterclaims against Sarkis' Cafe (hereinafter "Sarkis" or Counterdefendant), alleges as follows:

## NATURE OF THE ACTION

1. These Counterclaims are for: (1) a declaration of noninfringement of Counterdefendant's "Sarkis" trademark; and (2) cancellation of Counterdefendant's U.S. Trademark Registration No. 3,872,829 for "Sarkis."

2. Sarks also asserts third party claims: (1) against Danny Gallagher for fraud and misrepresentation; (2) against Danny Gallagher for breach of contract; and (3) against Scott Jaffe for fraud and misrepresentation.

## PARTIES

3. Counterplaintiff Sarks in the Park, LLC, is an Illinois limited liability company with its principal office located at 444 West Fullerton, Chicago, Illinois.

4.     Counterdefendant Sarkis' Cafe, Inc., is an Illinois corporation having a place of business at 2632 Gross Point Road, Evanston, Illinois.

5.     Third Party Defendant Danny K. Gallagher is an Illinois resident living at 1240 Westview Road, Glenview, Illinois 60025.

6.     Third Party Defendant Scott N. Jaffe is an Illinois resident living at 835 Old Trail Road, Highland Park, Illinois 60035.

<u>JURISDICTION AND VENUE</u>

7.     The Court has jurisdiction over these counterclaims and third party claims this under, 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338; and the Court's supplemental jurisdiction pursuant to 28 U.S.C. §§1338(b) and 1367.

8.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) because the Counterdefendant and Third Party Defendants reside in this State and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Furthermore, Counterdefendant has submitted to the Court's jurisdiction by filing an action here.

<u>BACKGROUND FACTS</u>

9.     Erin Knapp is the current owner of Sarks in the Park, LLC.

10.    Ms. Knapp purchased Sarks in the Park, LLC on or about March 1, 2012.  A copy of the Sale Agreement is attached as Exhibit A.  Danny Gallagher signed the Sale Agreement on behalf of Sarks in the Park, LLC.

11.    Mr. Gallagher and Joshua Alomia were partners in Sarks in the Park, LLC prior to 2010, when Mr. Gallagher took sole ownership of Sarks in the Park, LLC.

12.     Scott Jaffe prepared a letter agreement between Counterdefendant and Counterplaintiff dated May 18, 2009, attached as Exhibit B.  Mr. Jaffe's signature appears on the agreement, as does Mr. Alomia's.

13.     At all times, including at the time of the May 18, 2009 letter agreement, Mr. Jaffe held himself out as owner of Sarkis Café to Mr. Alomia and Mr. Gallagher.

14.     The May 18, 2009 letter agreement included a provision that Counterplaintiff is allowed to use Counterdefendant's "trade names, trademarks, recipes, names of suppliers and other intellectual property."

15.     The May 18, 2009 letter agreement also included provisions for a royalty, and that Counterdefendant would provide employees to Counterplaintiff for a period of time.

16.     On information and belief, Counterdefendant offers restaurant services only in the state of Illinois and does not engage in interstate commerce.

17.     On information and belief, in connection with its applications for the SARKIS mark, Counterdefendant attested to the United States Patent & Trademark Office that the mark was used in interstate commerce since 1965.  In reliance on these attestations, the United States Patent & Trademark Office granted Counterdefendant's trademark application.

18.     Sarks in the Park, LLC opened as a restaurant in Chicago's Lincoln Park area on or about July 10, 2009.

19.     At or around this time, Sarks in the Park, LLC employees were sent to Sarkis Café for training.  Mr. Jaffe participated in, approved of, or authorized such training.

20.     During all relevant times, Sarkis Café displayed on its wall an article in in its restaurant (attached as Exhibit C).  The article states: "The restaurant [Sarkis Café] has continued to thrive under its current owner, Scott Jaffe."

21.    The display includes a plaque that states "Sarkis in the Park, Chicago Sun-Times, June 29, 2009."

22.    The article further states that Sarkis Café is opening its first satellite location, referring to Sarks in the Park, LLC.

23.    During all relevant times, Sarkis Café also displayed on its wall a second article from the Redeye (attached as Exhibit D). The display states: "Sarks in the Park, Redeye, August 1, 2009."

24.    The second article also touts Sarks in the Park, LLC as an outpost of Sarkis Café.

25.    Sarkis Café, through its owner/agent/manager, Jaffe, also advertised about its second location in Lincoln Park during an interview, which was posted on Vimeo, stating:

**Aaron Pepper:** For 35 years, Sarkis Taj served generations of North Shore families. Scott Jaffe took the torch of Sarkis Café 10 years ago with no intention of changing the line-up of omelets and overflowing breakfast sandwiches known as "Lorettas."

**Scott Jaffe:** We have ah, M&M pancakes and, um, chocolate chip pancakes, we have those. Other than that, you stay with the same recipe. The eggs are- all the omelets are made with hand-cracked eggs rather than a big vat of goo like in a lot of restaurants. And that's the secret. Premium ingredients; all fresh.

**Aaron Pepper:** Kids learn the Sarkis menu -and its lingo- early on.

**Kid:** Yeah, I've been here about like 30 times my whole life. I'm just a big fan of the Loretta and the cheesy hash.

**Aaron Pepper:** And that it's apparently good for any occasion.

**Woman:** It's tradition. High school, and like, a lot a little kids come. But, mostly, the high school kids even come here for prom.

**Aaron Pepper:** Those that grew up nearby know Sarkis as more a part of life than simple restaurant. Likewise, Jaffe says the regulars are like a part of his own family.

**Scott Jaffe:** You see 'em so much. I-I've been here 10 years- I got to see people grow up. Start out in 8th grade and go all the way through college. And that's a nice feeling.

**Aaron Pepper:** *The restaurant has even followed students who move from the suburbs; with Sarkis franchises strategically opened in Champaign and Lincoln Park.*

**Scott Jaffe:** *Well, in Lincoln Park, you have all the North Shore kids who move downtown. They go to Sarkis, they bring their friends who don't know about Sarkis, so it's a new way to, ah, introduce people to the product, 'cause if you tell people "Oh- we're having a bacon sale," which they look at you like you're nuts.*

**Aaron Pepper:** Jaffe plans on another couple of decades behind the counter. Converting skeptics into regulars. From Adill, I'm Aaron Pepper.

Attached as Exhibit E (emphasis added).

26.     Counterdefendant has held out and informed the public and others that Sarks in the Park was its Lincoln Park location. On information and belief, Exhibit E was made and aired shortly after Defendant had opened its restaurant in Lincoln Park in 2009.

27.     On July 18, 2009, Counterdefendant, through its attorney asserted that Counterplaintiff's "use of the Sarkis name, mark, menu and logo would infringe upon Plaintiff's rights."  (Exhibit N to Counterdefendant's Complaint).

28.     Counterdefendant knew of Defendant's allegedly unauthorized use of the Sarks In The Park mark, which Defendant expressly denies, at least as early as July 18, 2009.

29.     On July 22, 2009, Counterdefendant again asserted through its attorney that Counterplainiff was violating its intellectual property rights (Exhibit F).

30.     During this time, Counterplaintiff continued to operate as Sarks in the Park, and continues to do so currently.  During this time, Counterdefendant continued to advertise and tout Sarks in the Park as its one of its own.

31.     At no time did Mr. Gallagher inform Ms. Knapp or Counterdefendant of any claim or objection asserted by Sarkis Café regarding the right to open or operate Sarks in the Park, LLC.

32.     Counterdefendant filed this action on December 5, 2012.  Until such time, Counterdefendant had not since objected to or in any way attempted to prevent Counterplaintiff's continued use of Sarks in the Park in connection with its restaurant.

## COUNTERCLAIMS

### COUNT I

## DECLARATORY JUDGMENT AS TO NON-INFRINGEMENT OF TRADEMARK

33.     Counterplaintiff re-alleges and incorporates by reference paragraphs 1 through 32 hereof as if set forth herein in full.

34.     This is an action for a declaratory judgment and further relief against Counterdefendants pursuant to 28 U.S.C. §§ 2201 and 2202.

35.     Counterdefendant has alleged, and Counterplaintiff denies, that Counterplaintiff's conduct, including its promotion, advertising, and operation of its restaurant Sarks in the Park, LLC infringes U.S. Registration No. 3,872,829 for "Sarkis."

36.     There is no likelihood that Counterplaintiff's customers or prospective customers will believe that it is affiliated with Counterdefendants.

37.     Counterdefendants are unaware of any evidence of actual confusion as a result of Counterplaintiff's activities.

38.     Counterplaintiff has not violated Counterdefendants' rights, including any trademark rights, or committed unfair competition, by its opening and operation of Sarks in the Park, LLC.

39.     Counterplaintiff is entitled to a declaratory judgment that it has not infringed any of Counterdefendants' trademark rights, or committed unfair competition, by reasons of its opening and operation of Sarks in the Park, LLC.

40.     Counterdefendants' allegations of infringement and related claims have adversely affected Counterplaintiff and will continue to adversely affect Counterplaintiff because, until the Court makes a determination of Counterplaintiff's rights, Counterplaintiff will be in doubt as to its right to continue to operate Sarks in the Park, LLC.  Not to mention, at least some, if not all, of Counterplaintiff's customers will not continue business with Counterplaintiff as a result of the now pending law suit.

41.     Counterplaintiff is entitled to a declaratory judgment that it has not infringed any of Counterdefendants' purported trademark rights by reason of the opening and operation of Sarks in the Park, LLC.

## COUNT II

## <u>CANCELLATION OF THE SARKIS TRADEMARK</u>

42.     Counterplaintiff re-alleges and incorporates by reference paragraphs 1 through 41 hereof as if set forth herein in full.

43.     Counterdefendant has failed to enter into a proper licensing agreement with Counterplaintiff containing quality control standards and provisions with respect to the operation as "Sarks in the Park."

44.     Counterdefendant has permitted Counterplaintiff to operate as "Sarks in the Park" without restriction or oversight for over three years.

45.     Counterdefendant has failed to exercise actual quality control over Counterplaintiff's operations or products.

46.     Counterdefendant lacks a sufficiently close working relationship with Counterplaintiff to infer retention of quality control over the use of its mark.

47.     The result of Counterdefendant's failure to maintain control over the quality of Counterplaintiff's restaurant services as resulted in abandonment of the "Sarkis" mark.

48.     In addition, the name "Sarkis" acts as primarily a surname, and is thus unregistrable under 15 U.S.C. 1052(e)(4).

49.     On information and belief, Counterdefendant, by and through its counsel, attested to the United States Patent & Trademark Office in trademark registration application that its SARKIS mark was used in interstate commerce since 1965 for the café and restaurant services. These assertions of use in interstate commerce were false.

50.     When Counterdefendant falsely stated under oath that the SARKIS mark was being used in interstate commerce for the services listed, Counterclaim defendant knew those statements to be false, but made the statements in order to induce the U.S. Patent and Trademark Office to issue the registrations sought.

51.     In reliance upon and due to the foregoing false statements made by Counterdefendant in connection with Registration No. 3,872,829, the United States Patent and Trademark Office issued the Registration to Counterdefendant for use of the mark in connection with café and restaurant services.

52.     As proof of use of a service mark in interstate or foreign commerce is a necessary prerequisite to obtaining a registration under 15 U.S.C. § 1051(a), and as the U.S. Patent and Trademark Office will not issue a registration under that Section unless a mark is being used in interstate or foreign commerce, the misrepresentations made by Counterdefendant in the application was material to the USPTO in deciding to grant Registration 3,872,829.

53.     An applicant for a service mark registration commits fraud in procuring and/or maintaining a registration when it makes material misrepresentations of fact which it knows to be false or misleading.  Counterdefendant committed fraud in procuring and/or maintaining U.S. Registration 3,872,829 by falsely stating in its application for the SARKIS mark that the mark was being used in interstate commerce.

54.     Registration No. 3,872,829 should be cancelled pursuant to 15 U.S.C. § 1064(3) in that this registration was obtained by fraud and is therefore void.

55.     Registration No. 3,872,829 should be also cancelled pursuant to 15 U.S.C. § 1064(3) in that the mark has not been used in interstate commerce for the services listed in the registrations and therefore void for that reason as well.

56.     Counterclaim defendant is causing irreparable harm to Counterplaintiff for which there is no adequate remedy at law.

57.     In view of the foregoing, this Court should exercise its authority to order the U.S. Patent and Trademark Office to cancel U.S. Registration No. 3,872,829.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterplaintiff Sarks in the Park, LLC respectfully requests that the Court:

A.     enter a judgment that Counterdefendant takes nothing by way of its Second Amended Complaint;

B.     dismiss Counterdefendant's Second Amended Complaint in its entirety with prejudice;

C.     enter judgment in Counterplaintiff's favor and against Counterdefendant on all of Counterplaintiff's counterclaims;

D. cancel Counterdefendant's U.S. Registration No. 3,872,829;

E. award Counterplaintiff's damages in an amount to be proven at trial;

F. award Counterplaintiff its reasonable attorneys' fees and costs; and

G. for all such other and further relief as the Court deems just and proper.

## THIRD PARTY CLAIMS

### COUNT I

### THIRD PARTY MISREPRESENTATION CLAIM AGAINST DANIEL GALLAGHER

58. Counterplaintiff re-alleges and incorporates by reference paragraphs 1 through 32 hereof as if set forth herein in full.

59. Prior to and at the time of the Sale Agreement, Mr. Gallagher was aware that Counterdefendant had asserted that the opening and operation of Sarks in the Park, LLC was in violation of its intellectual property rights.

60. Mr. Gallager, as the previous sole owner of Sarks in the Park, and seller had the duty to inform Counterplaintiff of Counterdefendant's assertions, and yet failed to do so.

61. Mr. Gallagher withheld these and other material facts with the intent to deceive Counterplaintiff and to induce Counterplaintiff to purchase Sarks in the Park, LLC.

62. Counterplaintiff acted in justifiable reliance on the facts as it knew them.

63. Counterplaintiff has been damaged as a result of Mr. Gallagher's concealment of material facts.

### COUNT II

### THIRD PARTY CLAIM FOR
### BREACH OF CONTRACT AGAINST DANIEL GALLAGHER

64.     Counterplaintiff re-alleges and incorporates by reference paragraphs 1 through 32 and 58-63 hereof as if set forth herein in full.

65.     Danny Gallagher was the sole owner of Sarks in the Park, LLC.

66.     The Sale Agreement included, among others, a provision warranting that the business and assets he sold to Ms. Knapp were "free and clear of all liabilities and encumbrances whatsoever." This included the intellectual property, which includes the name Sarks in the Park.

67.     Prior to and at the time of the Sale Agreement, Mr. Gallagher was aware that Counterdefendant had asserted that the opening and operation of Sarks in the Park, LLC was in violation of its intellectual property rights.

68.     Counterdefendant has asserted against Counterplaintiff claims for damages resulting from, among other things, allegations of trademark infringement and unfair competition by virtue of use of the Sarks in the Park, LLC name.

69.     As a result, the business and assets of Sarks in the Park, LLC, including the name of the company, was not transferred to Ms. Knapp free and clear of all liabilities and encumbrances.

70.     Counterdefendant has been damaged as a result of such breach.

## PRAYER FOR RELIEF

A.     a judgment for Sarks for monies owed pursuant to Mr. Gallagher's breach of contract and misrepresentation, including damages in an amount to be proven at trial, together with interest, costs, and attorneys' fees;

B.     a judgment ordering Mr. Gallagher to provide indemnification to Sarks in this lawsuit;

C.      a judgment for Sarks for the costs of bringing this Third-Party Complaint against Mr. Gallagher, including reasonable attorneys' fees; and

D.      for such further relief as this Court deems just and appropriate.

## COUNT III

## THIRD PARTY CLAIM FOR MISREPRESENTATION AGAINT SCOTT JAFFE

71.      Counterplaintiff re-alleges and incorporates by reference paragraphs 1 through 57 hereof as if set forth herein in full.

72.      At all times Mr. Jaffe represented to Counterplaintiff and its agents Mr. Alomia and Mr. Gallagher that he was the owner of Counterdefendant.

73.      Mr. Jaffe prepared the May 18, 2009 letter agreement (Exhibit B attached hereto).

74.      Mr. Jaffe prepared the May 18, 2009 letter agree on behalf of Counterdefendant.

75.      On information and belief, Mr. Jaffe signed, or caused it to be signed, the May 18, 2009 letter agreement on behalf of Counterdefendant.

76.      If Mr. Jaffe was not authorized to enter into the May 18, 2009 letter agreement, Mr. Jaffe misrepresented such fact to Counterplaintiff.

77.      Mr. Jaffe had the duty to inform Counterplaintiff of his rightful status regarding his authorization to enter the May 18, 2009 letter agreement.

78.      Mr. Jaffe made such misrepresentation and/or withheld these and other material facts with the intent to deceive Counterplaintiff and to induce Counterplaintiff to enter the May 18, 2009 letter agreement.

79.      Mr. Jaffe also advertised to the public, on numerous occasions in printed publications, interviews, videos, etc., that Sarks In The Park was a sister location for Counterdefendant.

80.     Counterplaintiff acted in justifiable reliance on the facts as it knew them and as disclosed by Mr. Jaffe.

81.     Counterplaintiff has been damaged as a result of Mr. Jaffe's misrepresentation and/or concealment of material facts.

## PRAYER FOR RELIEF

WHEREFORE, based on the allegations set forth herein, Counterplaintiff Sarks in the Park, LLC prays that this Court grant relief as follows:

A.      a judgment for Counterplaintiff for monies owed pursuant to Third-Party Defendant Jaffe's misrepresentation, including damages in an amount to be proven at trial, together with interest, costs, and attorneys' fees;

B.      a judgment for Counterplaintiff for the costs of bringing the Third-Party Complaint against Mr. Jaffe, including reasonable attorneys' fees; and

C.      for such further relief as this Court deems just and appropriate.

## JURY DEMAND

Defendant/Counterplaintiff/Third-Party Plaintiff Sarks in the Park, LLC respectfully requests a trial by jury relating to all claims brought this case.

DATED: January 13, 2014                         Respectfully Submitted,


                                                /s/ Nicholas S. Lee
                                                Edward L. Bishop
                                                ebishop@bdl-iplaw.com
                                                Nicholas S. Lee
                                                nlee@bdl-iplaw.com
                                                Benjamin A. Campbell
                                                bcampbell@bdl-iplaw.com
                                                Monique A. Morneault
                                                mmorneault@bdl-iplaw.com
                                                BISHOP DIEHL & LEE, LTD.
                                                1750 East Golf Road; Suite 390

Schaumburg, Illinois 60173
P: (847) 969-9123
F: (847) 969-9124

*Attorneys for Sarks In The Park, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this January 13, 2014. Any other counsel of record will be served by electronic mail and/or first class mail.

/s/ Nicholas S. Lee
Nicholas S. Lee