# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SARKIS' CAFE, INC., an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 12 C 9686** |
| v. | ) | |
| | ) | **Judge John Z. Lee** |
| SARKS IN THE PARK, LLC, an Illinois limited liability company, | ) | |
| | ) | **Magistrate Judge Brown** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| SARKS IN THE PARK, LLC, an Illinois limited liability company, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL K. GALLAGHER and SCOTT N. JAFFE, both individuals, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sarkis' Cafe, Inc. ("Sarkis"), an Illinois corporation, has sued Defendant Sarks

in the Park, LLC ("SITP"), an Illinois limited liability company, for false designation of origin,

trademark infringement, dilution, unfair competition, consumer fraud, deceptive trade practices,

and injunctive relief. Defendant asserts counterclaims against Plaintiff seeking a declaratory

judgment as to non-infringement of Plaintiff's trademark and cancellation of Plaintiff's

trademark. Defendant also asserts three third-party claims against Daniel Gallagher and Scott

Jaffe (the "third-party Defendants"). Plaintiff now moves to dismiss Defendant's counterclaims

pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); to strike Defendant's affirmative

defenses pursuant to Rule 12(f); and to strike Defendant's third-party claims under 28 U.S.C. § 1367(c). For the reasons set forth herein, the Court: (1) grants in part and denies in part Plaintiff's motion to dismiss Defendant's counterclaims; (2) grants Plaintiff's motion to strike Defendant's affirmative defenses; and (3) denies Plaintiff's motion to strike Defendant's third-party claims.

### Factual Background[1]

Gallagher sold SITP to Erin Knapp in March 2012. Def.'s Countercls. & 3d Party Cls. ¶¶ 9-10. Gallagher had been the sole owner of SITP starting in 2010. *Id.* ¶ 11. Prior to that time, he had owned SITP with a partner, Jose Alomia. *Id.*

During Gallagher's ownership in May 2009, he and Alomia were approached by Jaffe, who claimed to be the owner of Sarkis. *Id.* ¶¶ 12-13. On May 18, 2009, Jaffe entered into a letter agreement with Gallagher and Alomia, granting SITP permission to use Sarkis' "trade names, trademarks, recipes, names of suppliers and other intellectual property." *Id.* ¶¶ 12, 14. The letter also included terms for a royalty and stated that Sarkis would briefly provide SITP with employees. *Id.* ¶ 15. SITP officially opened in Chicago's Lincoln Park neighborhood on or around July 10, 2009, and sent its employees to be trained at Sarkis. Jaffe approved of, participated in, and authorized this training. *Id.* ¶¶ 18-19.

Around this time, Sarkis displayed in its restaurant three articles from local publications touting SITP's relationship with Sarkis. For example, Sarkis displayed a Chicago Sun-Times article from June 29, 2009, stating that Sarkis was opening its first satellite location in Lincoln Park (referring to SITP). *Id.* ¶¶ 21-22. Sarkis also exhibited an August 1, 2009, article that touted SITP as an outpost of Sarkis. *Id.* ¶¶ 23-24. Another article stated that "[Sarkis] has

---

[1] The factual allegations contained in the counterclaims are taken as true for the purposes of this motion to dismiss. *See Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12 C 4249, 2012 WL 5966593, at *1 (N.D. Ill. Nov. 28, 2012) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

continued to thrive under its current owner, Scott Jaffe." *Id.* ¶ 20. Jaffe himself also promoted SITP as Sarkis' new Lincoln Park location in an interview that was posted on Vimeo. *Id.* ¶ 25. Defendant alleges that, through these and other actions, Sarkis "held out and informed the public and others that Sarks in the Park was its Lincoln Park location." *Id.* ¶ 26.

Despite this, on July 18, 2009, less than a month after SITP's opening, Sarkis' attorney informed Gallagher and SITP that the new restaurant's "use of the Sarkis name, mark, menu and logo would infringe upon Plaintiff's rights." *Id.* ¶ 27. Accordingly, Sarkis believed as early as July 18, 2009, that its marks were being used by SITP without permission. *Id.* ¶ 28. Despite receiving this communication from Sarkis, Gallagher did not inform Knapp before selling SITP to him that Sarkis had objected to SITP's use of the "Sarkis" mark and its right to open or operate the restaurant. *Id.* ¶ 31.

Defendant now asserts two counterclaims against Plaintiff, the first seeking a declaratory judgment that it is not infringing upon Plaintiff's trademark pursuant to 28 U.S.C. §§ 2201 and 2202, and the second requesting cancellation of the Sarkis trademark pursuant to 15 U.S.C. § 1064(3). Defendant also brings claims against third party Defendants, Gallagher and Jaffe, alleging common law misrepresentation by Gallagher and Jaffe and breach of contract by Gallagher.

**Discussion**

**I.      Motion to Dismiss Counterclaims**

**A.      Declaratory Judgment**

Plaintiff first urges the Court to dismiss Defendant's declaratory judgment counterclaim, arguing that it is duplicative of the claims contained in Plaintiff's Complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), a counterclaim must "state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Cozzi Iron &*

*Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (applying Rule 12(b)(6)

standard to motion to dismiss counterclaims). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally,

when considering motions to dismiss, "[the Seventh Circuit] accept[s] all well-pleaded factual

allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill.*

*of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*,

722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, however, "allegations in the form of

legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill*

*Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such,

"[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Defendant's first counterclaim seeks a declaratory judgment of non-infringement

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Def.'s Countercls. ¶ 34. "To

seek a [declaratory judgment], a party must demonstrate 'a substantial controversy, between

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance

of declaratory judgment.'" *Meaden v. Meaden*, No. 12 C 3534, 2012 WL 6019233, at *4 (N.D.

Ill. Nov. 30, 2011) (quoting *Boler v. Raydan Mfg., Inc.*, 415 F. Supp. 2d 896, 901 (N.D. Ill.

2006)). Further, if issuing a declaratory judgment "will clarify and settle the legal relations at

issue and afford parties relief from insecurity and uncertainty, the declaratory judgment action is

usually heard." *Intervisual Comm., Inc. v. Volkert*, 975 F. Supp. 1092, 1099 (N.D. Ill. 1997).

In response, Plaintiff asserts that Defendant's declaratory judgment counterclaim should be dismissed because it is duplicative of the claims contained in the Complaint and will thus fail to serve a "useful purpose" in determining the outcome of this case. *See* Pl.'s Mot. Dismiss. Countercls. 2. The Court agrees. In this instance, a cognizable dispute already exists between Plaintiff and Defendant regarding the latter's use of Plaintiff's marks triggered by Count II of the Complaint. Where "the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serves no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013) (internal citations and quotations omitted) (collecting cases); *see Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 221838, at *5 (N.D. Ill. Jan. 24, 2011) (striking without prejudice counterclaim seeking declaratory judgment of non-infringement). Here, once the Court rules on the merits of Count II of the Complaint, the question of whether Defendant infringed upon Plaintiff's marks will be resolved in its entirety. Therefore, the Court dismisses Defendant's declaratory judgment counterclaim pursuant to Rule 12(b)(6).

**B.     Cancellation of Sarkis Trademark**

Defendant's second counterclaim seeks to cancel Sarkis' trademark. *See* Countercls. ¶¶ 42-57. Plaintiff argues that dismissal is warranted with respect to this claim on two grounds: (1) it is duplicative of one of Defendant's asserted defenses against Plaintiff's claims, and (2) Defendant lacks standing to bring such a claim because the Court cannot exercise jurisdiction over trademark cancellation claims. *See* Pl.'s Mot. Dismiss Countercls. 3.

Plaintiff's first argument is incorrect. Contrary to Plaintiff's assertion, Defendant's counterclaim is not duplicative of its claimed defense that Plaintiff's "Sarkis" trademark is

invalid. Defendant asserts that the trademark was obtained by fraud and should be cancelled for that reason pursuant to 15 U.S.C. § 1064(3). Defendant seeks this relief separate and apart from its request that the Court declare the trademark invalid. Because Defendant's counterclaim seeking a cancellation of Plaintiff's mark based upon fraud may potentially afford Defendant different or additional relief than a finding of invalidity alone, the claim is not duplicative of Defendant's trademark invalidity defense. *See*, *e.g.*, *Am. Hosp. Supply Corp. v. Fisher Scientific Co.*, 713 F. Supp. 1108, 1110 (N.D. Ill. 1989) ("Precedent suggests that the validity of the trademark does not preordain any particular result" in adjudicating defendant's counterclaims alleging fraud on the USPTO).

In addition, Plaintiff argues that the USPTO possesses the sole power to cancel a registered trademark and that U.S. federal courts lack jurisdiction to hear such claims. *See* Pl.'s Mot. Dismiss Countercls. 3. This also is incorrect. *See Specht v. Google Inc.*, No. 11–3317, 2014 WL 1330303, at *6 (7th Cir. Apr. 04, 2012) ("15 U.S.C. § 1119 grants [district] courts the authority to cancel a trademark's registration."); *see also Central Mfg., Inc. v. Brett*, 492 F.3d 876, 883 (7th Cir. 2007) ("Where . . . a registrant's asserted rights to a mark are shown to be invalid, cancellation is not merely appropriate, it is the best course."). As a result, the Court denies the motion to dismiss as to Defendant's second counterclaim.

## II.    Motion to Strike Affirmative Defenses

Plaintiff next moves to strike Defendant's affirmative defenses pursuant to Rule 12(f).[2] Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While "[m]otions to strike are generally disfavored because of the likelihood that they may only serve

---

[2] Plaintiff states that it seeks to strike Defendant's affirmative defenses pursuant to Rule 12(b)(6). Presumably, Plaintiff means to invoke Rule 12(f), not Rule 12(b)(6).

to delay proceedings," courts of this Circuit also hold that "when striking portions of a pleading 'remove[s] unnecessary clutter from the case,' the motion may 'serve to expedite, not delay.'" *Naylor v. Streamwood Behavioral Health Sys.*, No. 11 C 50375, 2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (quoting *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Accordingly, "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin. Inc.*, 883 F.2d at 1294. In practice, an affirmative defense must satisfy a three-part test to survive a motion to strike under Rule 12(f): "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000).

Here, Plaintiff argues that Defendant's sixteen affirmative defenses fail to meet the pleading standard set forth in *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570 (the "*Twombly-Iqbal* standard"). In response, Defendant contends that: (1) the *Twombly-Iqbal* standard should not apply to affirmative defenses; (2) its affirmative defenses nonetheless comply with the *Twombly-Iqbal* standard based on the factual allegations contained in the "counterclaims" section of the Answer; and (3) even if the Court were to grant Plaintiff's motion to strike Defendant's affirmative defenses, it should permit Defendant to amend its affirmative defenses.

As an initial matter, the Seventh Circuit has yet to decide whether the heightened *Twombly-Iqbal* standard applies to affirmative defenses. *See Twombly*, 550 U.S. at 570 (to survive a motion to dismiss, a complaint must "state a claim to relief that is *plausible* on its face") (emphasis added). However, a number of the courts in this Circuit have applied this

standard to affirmative defenses. *See, e.g., ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, No. 10 C 4382, 2014 WL 437135, at *4 (N.D. Ill. Feb. 4, 2014) (dismissing an affirmative defense for failing "to plead sufficient facts with the 'plausibility' demanded by the *Twombly–Iqbal* duo"); *Shield Tech. Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440 at *8 (N.D. Ill. Sept. 19, 2012) (adopting the "majority view that *Twombly* and *Iqbal* apply to affirmative defenses."). This Court concurs with this view and concludes that the *Twombly-Iqbal* standard should apply to Defendant's affirmative defenses.

With this standard in mind, the Court holds that Defendant's affirmative defenses are insufficiently pleaded to survive Plaintiff's motion to strike. Defendant pleads its affirmative defenses in broad terms; each defense—save one, the fifteenth—is presented in a single sentence, *see* Def.'s Ans. 2d Am. Compl. 16-19, and Defendant has failed to provide any factual support for them. The third affirmative defense, for example, states merely that "Plaintiff's claims are barred by the doctrine of express or implied license." *Id*. 16. Such "[t]hreadbare recitals of the elements," *Iqbal*, 556 U.S. at 678, are precisely the sort of conclusory statements that are insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Heller Fin. Inc.*, 883 F.2d at 1295 (striking affirmative defenses that were "nothing but bare bones conclusory allegations"). [3] The Court thus grants Plaintiff's motion to strike Defendant's affirmative defenses pursuant to Rule 12(f).

---

[3] For its part, Defendant argues that each defense is sufficiently supported by the factual background contained in the "counterclaims and third party claims" section of the Answer. *See* Pl.'s Resp. Mot. Strike 10-13. But Defendant fails to specify which facts apply to which particular defenses, and its efforts to do so in its response to Plaintiff's motion to strike cannot serve as its lifeboat. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (pleadings cannot be amended by a party's brief in opposition to a motion to dismiss); *see also Holub v. Live Nation Entm't, Inc.*, No. 13 C 2008, 2013 WL 5290049, at *2 (N.D. Ill. Sept. 18, 2013) (A party "cannot implicitly amend [its pleadings] in [its] response.").

Having done so, the Court also must consider whether any of the alleged affirmative defenses would constitute legitimate affirmative defenses if they had been properly pleaded and, in those instances, grant Defendant's request to amend. The Seventh Circuit "has identified two approaches for determining whether a defense not specifically enumerated in Rule 8(c) is an affirmative defense: (a) if the defendant bears the burden of proof under state law, or (b) if it [does] not controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (internal citations omitted)). Moreover, an affirmative defense cannot merely repeat a defendant's denial of allegations contained in the complaint. *See Renalds*, 119 F. Supp. 2d at 804; *see also Winding v. Pier Mgmt. Serv.*, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997) (affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason stricken as unnecessary and inappropriate because assertion already put in issue by defendant's denial in its answer).

Here, the Court concludes that Defendant's second, third, eighth, tenth, twelfth, fourteenth, and fifteenth affirmative defenses could appropriately be pleaded as affirmative defenses. Defendant's second (statute of limitations), third (license), tenth (laches and estoppel), and twelfth (fraud) affirmative defenses all are enumerated in Rule 8(c). *See* Fed. R. Civ. P. 8(c). Defendant's eighth (failure to mitigate), fourteenth (unclean hands), and fifteenth (abandonment) defenses also constitute proper affirmative defenses. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 460 (7th Cir. 2006) ("the lack of mitigation is an affirmative defense"); *Broad. Music, Inc. v. Claire's Boutiques, Inc.*, 949 F.2d 1482, 1486 (7th Cir. 1991) (unclean hands is an affirmative defense); *Rust Env't & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1214 (7th Cir. 1997) ("abandonment of a mark is an affirmative defense to a trademark infringement action."). The Court's order striking Defendant's second, third, eighth,

tenth, twelfth, fourteenth, and fifteenth affirmative defenses is therefore without prejudice. Defendant's remaining affirmative defenses, however, are dismissed with prejudice for the reasons that follow.

First, Defendant's first affirmative defense alleges a failure to state a claim. There is some disagreement as to whether a failure to state a claim can be asserted as an affirmative defense. *Compare*, *e.g.*, *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009) *with LaSalle Bank Nat'l Ass'n v. Paramont Props.*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008). Moreover, if a defendant is permitted to include it as an affirmative defense, "the defense of failure to state a claim must still meet the notice-pleading requirements of Rule 8(a)." *Id.* (citing *Paramont Props.*, 588 F. Supp. 2d at 860–61). The Court agrees with the holding of *Illinois Wholesale* and concludes that a defendant may not plead a plaintiff's failure to state a claim as an affirmative defense. And, even if it were permitted to do so, Defendant's one-sentence defense would be insufficient under the *Twombly-Iqbal* standard. Accordingly, Defendant's first affirmative defense is dismissed with prejudice.

Second, Defendant's fourth, fifth, sixth, seventh, ninth, eleventh, and thirteenth affirmative defenses each merely repeat various denials in Defendant's Answer and are thus unnecessary. *See Winding*, 1997 WL 51475, at *2. For example, the fourth defense repeats Defendant's responses to paragraphs 26, 27, 33, 43, 49, and 56 of the Complaint, and the seventh and ninth alleged defenses are mere variations of the fourth. *See* Pl.'s Ans. ¶¶ 26, 27, 33, 43, 49, 56. Defendant's fifth defense is duplicative of Defendant's denials contained in paragraphs 24, 30, 31, 35, 40, 41, 46, 47, 53, and 54 of its Answer. *See id.* ¶¶ 24, 30, 31, 35, 40, 41, 46, 47, 53, 54. Defendant's sixth alleged defense is similar to Defendant's denials of paragraphs 24 and 55

of the Complaint. *See id.* ¶¶ 24, 55. And Defendant's eleventh defense merely repeats the denials contained in paragraphs 26 and 38 of the Answer. *See id.* ¶¶ 26, 38.

Third, Defendant's thirteenth defense alleges that "Plaintiff's claims, in whole or in part, are barred because SITP's conduct has at all times been innocent, in good faith, and non-willful." *Id.* 16. Like the above defenses, Defendant already put "good faith" at issue in this case when it denied that its conduct was carried out in bad faith in paragraphs 25, 32, 42, and 48 of the Answer. *See id.* ¶¶ 25, 32, 42, 48. Moreover, it is Plaintiff who bears the burden of proof as to Defendant's alleged lack of good faith or willful infringement. *See*, *generally*, *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989).

For the foregoing reasons, Defendant's second, third, eighth, tenth, twelfth, fourteenth, and fifteenth affirmative defenses are stricken without prejudice, and Defendant has leave to replead these defenses in order to comply with the *Twombly-Iqbal* standard. Defendant's first, fourth, fifth, sixth, seventh, ninth, eleventh, and thirteenth affirmative defenses, however, are stricken with prejudice pursuant to Rule 12(f).

## III. Motion to Strike Third-Party Claims

Finally, Plaintiff moves to strike Defendant's third-party claims against Gallagher and Jaffe, arguing that the Court should decline to exercise supplemental jurisdiction over them due to concerns of judicial economy, inconvenience, and fairness.[4] *See* Pl.'s Mot. Strike 3d-Party Cls. 3-4. The Court disagrees.

Federal courts have discretion to exercise supplemental jurisdiction over third-party claims brought by a defendant pursuant to 28 U.S.C. § 1367(a). *See*, *e.g.*, *Ruderman v. Bank of Am., N.A.*, No. 10 C 6153, 2012 WL 4795705, at *2 (N.D. Ill. Oct. 9, 2012). Supplemental

---

[4] Motions to strike third-party claims also are subject to the same pleading standards applicable to motions to dismiss. *See*, *e.g.*, *Hawks v. Am. Escrow, LLC*, No. 09 C 2225, 2013 WL 1283532, at *2 (N.D. Ill. Mar. 27, 2013) (applying Rule 12(b)(6) standards to motion to strike third-party complaint).

jurisdiction is appropriate where claims are part of the "same case or controversy," including those that "involve the joinder ... of additional parties." 28 U.S.C. § 1367(a); *see Hartford Cas. Ins. Co. v. Constr. Builders in Motion, Inc.*, No. 11 C 7498, 2012 WL 645982, at *3 (N.D. Ill. Feb. 28, 2012); *see also U.S. Liab. Ins. Co. v. Fassbinder United Builders, Inc.*, No. 99 C 50330, 2002 WL 1359428, at *1 (N.D. Ill. June 20, 2002) (where third-party claims arise from "a common nucleus of operative fact," court may exercise supplemental jurisdiction under § 1367). "So long as an arguable balance of [judicial economy, convenience, fairness, and comity] points in the direction of the district court's discretionary determination whether or not to exercise jurisdiction, that decision, being discretionary, will not be disturbed." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).

Here, the Court finds it appropriate to exercise supplemental jurisdiction over Defendant's third-party claims under 28 U.S.C. § 1367(a) because the claims arise out of the same Article III case or controversy as do Plaintiff's claims against Defendant. Defendant's two claims against Gallagher, for instance, allege that he failed to disclose that Plaintiff had not given SITP permission to use Sarkis' marks, which in turn caused Defendant to purchase and operate SITP. Defendant's third-party claim against Jaffe for misrepresentation similarly involves the same case and controversy as Plaintiff's claims because it alleges that Jaffe agreed to an apparent licensing deal with SITP to use Sarkis' marks. As a result, it is appropriate for the Court to exercise supplemental jurisdiction over Defendant's third-party claims pursuant to 28 U.S.C. § 1367(a) for reasons of judicial economy and convenience. Plaintiff's motion to strike Defendant's third-party claims therefore is denied.

## Conclusion

For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part Plaintiff Sarkis' Café, Inc.'s motion to dismiss Defendant Sarks in the Park, LLC's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) [dkt. 105].  Count I of Sarks in the Park, LLC's counterclaims is dismissed.  The Court grants Plaintiff's motion to strike Defendant's affirmative defenses under Fed. R. Civ. P. 12(f) [dkt. 106], but grants Defendant leave to amend Affirmative Defense Nos. 2, 3, 8, 10, 12, 14, and 15.  Defendant shall file its amended pleading within twenty-one [21] days of this Order.  Affirmative Defense Nos. 1, 4, 5, 6, 7, 9, 11, and 13 are stricken with prejudice pursuant to Fed. R. Civ. P. 12(f).  Finally, the Court denies Plaintiff's motion to strike Defendant's third-party claims against Daniel K. Gallagher and Scott N. Jaffe under 28 U.S.C. § 1367(c) [dkt. 107].


**SO ORDERED**                                    **ENTER: 7/3/14**

_____

**JOHN Z. LEE**
**United States District Judge**

13